JOHN A. HAYWARD

*v.*

JOHN A. MERRILL.

1.  APPEAL FROM APPELLATE COURT—*whether the finding upon the facts shall be reviewed.* In an action on the case to recover damages for an injury resulting from the alleged negligence of the defendant, the question of contributory and comparative negligence arose upon the evidence, and a judgment in favor of the plaintiff in the trial court, was affirmed on appeal to the Appellate Court, and it was *held*, on appeal from the Appellate Court to this court, that the affirmance by the Appellate Court of the judgment of the trial court amounted to a finding of the facts upon the question of negligence in favor of the plaintiff, and, so far as that question was a question of fact, such finding was conclusive upon this court.

2.  SAME—*as to excessive damages.* In such case, however, this court did inquire and determine whether the damages assessed by the jury were excessive.

3. EXCESSIVE DAMAGES—*for personal injuries from negligence of another.* A guest at a hotel, while proceeding to his room, by mistake opened a door near the door of his own room, which led into an "elevator" opening, and in attempting to step into what he supposed was his room, he fell into the "elevator" opening, down to the basement of the building, receiving very severe and permanent injuries, which disabled him from pursuing his usual avocation. The accident was the result of negligence on the part of the hotel keeper in not having the opening properly guarded. A verdict in favor of the plaintiff for $2000 was considered not excessive.

4. INSTRUCTION—*omission to state the rule of comparative negligence.* In an action to recover upon the alleged negligence of the defendant, the question of contributory and comparative negligence was presented on the proofs. In a series of instructions for the plaintiff, the first laid down the rule on that subject fully and accurately,—the second merely defined negligence, without reference to the rule as to comparative negligence. It was *held,* the second instruction merely laid down an abstract principle of law, and it was not essential it should repeat the rule concerning comparative negligence, which was fully given in the preceding instruction.

5. NEGLIGENCE—*duty of inn keepers to protect their guests from harm.* A guest at a hotel was assigned a room which he had occupied on a former occasion, and, supposing he could find it without difficulty, declined the services of a bell-boy proffered him to show the way. In going to his room the guest, by mistake, opened a door which was very near to the door of his room, but led into an "elevator" opening. It was in the night time, and the hall only dimly lighted. The guest, not discovering his mistake, stepped into the doorway and fell to the basement of the building, receiving serious injuries. There was no guard or protection against accident in case of such a mistake; and an employee of the house had previously been injured by a similar accident at the same place. This was known to the landlord, and no steps taken to prevent a recurrence of the accident. It was held to have been the duty of the hotel keeper, in the exercise of ordinary care for the safety of his guests, which the law required of him, to secure the opening in such way as not to endanger persons under like circumstances, and the omission of such duty was gross negligence.

APPEAL from the Appellate Court for the Third District; the Hon. CHAUNCEY L. HIGBEE, presiding Justice, and Hon. OLIVER L. DAVIS and Hon. LYMAN LACEY, Justices. On an appeal from the Circuit Court of Christian county; the Hon. W. R. WELCH, Judge, presiding.

Mr. ANTHONY THORNTON, for the appellant:

1.  In ordinary trials, and in the absence of proof of malice or wilful misconduct, the rule of law is, that damages are to be awarded as a compensation for the injury received. They should be precisely commensurate with the injury, neither more nor less, and this whether it is to the person of the plaintiff or his estate. Greenlf. Evi. sec. 253.

Juries may give exemplary or punitive damages in cases of wilful negligence or malice, but it is requisite such a case should be made. *Peoria Bridge Association* v. *Loomis*, 20 Ill. 251; *Chicago and Rock Island Railroad Co.* v. *McKean*, 40 id. 235.

The testimony in this case wholly fails to disclose any malice or wilfulness. Wilful, means "willing, done or suffered by design." The verdict was for $2000. No bones were broken, and no serious injury, apparent to the eye of the surgeon, was inflicted.

2.  The court erred in the instructions. The second was calculated to mislead, in informing the jury that negligence may consist of nonfeasance, and in making no reference to the due caution of the plaintiff, an averment in the declaration, and material to be proved. The proof shows negligence amounting to recklessness on the part of the plaintiff. Under such circumstances, it is not the law that "unintentional mischief" is sufficient to create a liability. In such case the acts of the party sought to be charged must be "wilful, wanton or so gross as to amount to recklessness." *Toledo, Wabash and Western Railway Co.* v. *McGinnis*, 71 Ill. 347.

It is no answer that other instructions in the series may have corrected the error. *Chicago, Burlington and Quincy Railroad Co.* v. *Payne*, 49 Ill. 499; *Chicago, Burlington and Quincy Railroad Co.* v. *Lee*, 60 id. 502; *Illinois Central Railroad Co.* v. *Maffit*, 67 id. 431; *Chicago, Burlington and Quincy Railroad Co.* v. *Harwood*, 80 id. 91.

The court has no right to specify the particular act which might constitute ordinary care, as in the fourth of plaintiff's

instructions. The court only has the right to instruct the jury that the defendant must use ordinary care, but the particular acts which constitute such care must be determined alone by the jury. *Schmidt* v. *Chicago and Northwestern Railroad Co.* 83 Ill. 408; *City of Freeport* v. *Isbell,* id. 443.

3. The having the "elevator hole" was not *per se* negligence. Trap-doors, hoistways and similar openings in floors are a useful and necessary part of the machinery of business, etc., and the mere fact of their existence and use is no evidence of negligence. Sherman on Neg. sec. 508.

Negligence is the omission of the means reasonably necessary, not *absolutely* necessary, to avoid injury to others. *Chicago, Burlington and Quincy Railroad Co.* v. *Stumps,* 55 Ill. 374.

The defendant was not required to foresee and provide for every possible danger. *City of Chicago* v. *Bixby,* 84 Ill. 85; *Murray* v. *McLean,* 57 id. 382.

4. When both parties are equally in the position of right, the plaintiff, to recover, must show that the injury was produced by the negligence of the defendant, and that the plaintiff exercised ordinary care to avoid the injury. *Aurora Branch Railroad Co.* v. *Grimes,* 13 Ill. 587.

Where the injured party has acted with a slight degree of negligence contributing to the injury, to recover he must show that the other party has been guilty of gross negligence. *Chicago, Burlington and Quincy Railroad Co.* v. *Denny,* 26 Ill. 258; *Chicago and Alton Railroad Co.* v. *Gretzner,* 46 id. 82; *Illinois Central Railroad Co.* v. *Benton,* 69 id. 179.

If one party be guilty of contributory negligence, the other party must be guilty of gross negligence amounting to wilful injury. *St. Louis, Alton and Terre Haute Railroad Co.* v. *Todd,* 36 Ill. 414; *City of Chicago* v. *Smith,* 48 id. 109; *Wilkinson* v. *Fairrie,* 2 Am. L. R. (N. S.) 242; *Chicago, Burlington and Quincy Railroad Co.* v. *Lee,* 68 Ill. 580; *Toledo, Wabash and Western Railway Co.* v. *McGinnis,* 71 id. 348; *Chicago and Northwestern Railroad Co.* v. *Cass,* 73 id. 397.

Mr. S. W. MOULTON, and Mr. J. W. KITCHELL, for the appellee:

1. The damages are not excessive, but are less than the evidence would have warranted.

The court will not disturb a verdict unless it is apparent at first blush that the damages are glaringly excessive. *McNamara* v. *King*, 2 Gilm. 432; *Northern Line Packet Co.* v. *Binninger*, 70 Ill. 580; *City of Peru* v. *French*, 55 id. 317.

As to whether the damages were excessive, counsel cited *Chicago and Alton Railroad Co.* v. *Murray*, 71 Ill. 601; *City of Chicago* v. *Elzman*, id. 131; *City of Ottawa* v. *Sweely*, 65 id. 434; *Chicago and Alton Railroad Co.* v. *Gregor*, 58 id. 226; *Pittsburg, Cincinnati and St. Louis Railroad Co* v. *Thompson*, 56 id. 138; *Chicago and Alton Railroad Co.* v. *Pondrum*, 51 id. 333; *Illinois Central Railroad Co.* v. *Evert*, 74 id. 399.

2. Counsel argued, from the facts, which they reviewed, that the plaintiff was not guilty of negligence in his falling through the hoistway, knowing nothing of the locality of the room in which it was, and contended that the defendant was guilty of gross negligence in leaving the door to the room unfastened and unlighted.

3. It is the duty of an inn keeper to see that guests and their property are properly and safely cared for, and that neither shall be exposed to danger; and where an injury is sustained to either, the burden of proof is upon him to show the injury or loss was without his fault. *Metcalf* v. *Hess*, 14 Ill. 129; *Johnson* v. *Richardson et al.* 17 id. 302.

As to the duty of the occupier of premises to protect guests and customers rightfully upon the same, counsel cited Bigelow's Cases on the law of Torts, 704–706; *Ellicott* v. *Pray*, 10 Allen, 378; *Carleton* v. *Franconia Iron Co.* 99 Mass. 216; *Wendall* v. *Baxter*, 12 Gray, 494; *Buckingham et al.* v. *Fisher*, 70 Ill. 125.

Negligence is a question of fact for the jury. *Schmidt* v. *Chicago and Northwestern Railroad Co.* 83 Ill. 405.

The rule of comparative negligence is well established in this State, and where there has been negligence of both parties still the plaintiff may recover when his is slight and that of the defendant gross in comparison. *Chicago, Burlington and Quincy Railroad Co.* y. *Van Patten,* 64 Ill. 510; *Chicago and Northwestern Railroad Co.* v. *Sweeney,* 52 Ill. 325.

It was not necessary to show wilful injury on the part of the defendant, or that his negligence was wilful.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This action was brought by John A. Merrill against John A. Hayward, to recover for personal injuries. Plaintiff was a guest at a hotel kept by defendant. Adjoining the room assigned to plaintiff, and on the same side of the hall, was a door nearly or exactly like the room door, and only two and one-half feet distant, that opened to an "elevator" opening from the second floor to the cellar of the hotel building. Gas was burning in the hall on the same floor where the room plaintiff was to occupy was situated, but not very brightly. The rooms on either side of the hall were numbered with white figures about one inch in length, and could no doubt be read by the light in the hall by any one intent on observing them. The room plaintiff was to occupy was numbered on the door "38," and the door to the elevator opening was numbered, in the same way, "40." The doors had the same trimmings,—the knobs on them being exactly alike. Both doors had locks and keys, but neither of them seems to have been locked on the night of the accident to plaintiff. The door to the "elevator" opening was hung on the outside of the jams and even with the surface of the hall, and opened out into the hall, while the door to the bed-room set in the usual distance and opened into it. Room "38" was the last one on the left-hand side of the hall, being a corner room. Two sides of the "elevator" opening were inclosed by plastered walls of this room.

Having recently been a guest at the house, and having occupied room "38," which was now assigned him, plaintiff believed he knew the location of the room, and could readily find it without the assistance of the bell-boy that had been directed, by the clerk in the office, to show him to his room. After discharging the bell-boy, he proceeded as he supposed to room "38," being the last room on the left side of the hall, but by mistake opened door numbered "40," and, on stepping in to light a match, he fell to the basement through the "elevator" opening, sustaining very severe injuries.

On the trial in the circuit court plaintiff recovered a judgment for $2000. That judgment, on defendant's appeal, was affirmed in the Appellate Court, and defendant brings the case to this court on appeal.

One ground insisted upon for the reversal of the present judgment is that plaintiff was guilty of contributory negligence; and, as it is said defendant was not guilty of gross negligence in regard to that which caused the injury to plaintiff, it is contended with great confidence the findings in the courts below were not warranted by the evidence. The argument made on these questions might with great propriety have been made in the courts whence this case comes. The same questions were no doubt made before the jury, and the finding was against defendant. That finding was afterwards, on defendant's appeal, affirmed in the Appellate Court, where it was the duty of the court to review the evidence as to the negligence of the parties. But no such duty devolves on this court. Only questions of law are reviewable in this court in such cases. The finding of the facts by the Appellate Court is by the statute made conclusive upon this court. The jury must have found from the evidence before them that defendant was guilty of such negligence, and that plaintiff observed such care for his personal safety, as would authorize a recovery. That finding was affirmed by the Appellate Court. The affirmance of the judgment implies as much.

It is now insisted this court shall pronounce that the evidence in the record is no sufficient warrant for the action of the lower courts. This we have no rightful authority to do. So far as the questions made are questions of fact, or so far as they depend on facts, this court is conclusively bound by the finding of the Appellate Court as to them. It may, therefore, be assumed that plaintiff has established a right of recovery, and the most important question presented for our consideration is whether the damages found are excessive. Conceding, as we must do, that on the facts found plaintiff is entitled to a recovery, we can not say the damages assessed are so disproportionate to the injuries sustained that the judgment, for that reason alone, should be reversed. All the testimony shows the injuries were not only severe, inducing great suffering, but were and are of a permanent character. It was proven he was incapacitated to pursue his usual avocation, and in consequence of which he lost his situation where he was receiving good wages.

It is conceded the second instruction, to which objection is taken, states correctly an abstract principle of law. It is said it contains no reference to the duty devolving on plaintiff to observe due care for his personal safety. That principle was fully declared in the preceding instruction, and it was not necessary to repeat it in this one. The principle announced was applicable to the facts, and it was entirely proper the court should give it. Nor do we perceive the force of the criticism made on the fourth instruction of the series given for plaintiff. It states the well understood principle that any one keeping a hotel must use ordinary care to prevent accidents to persons who may be guests at his house, and then it is added, if the "elevator opening" was dangerous to guests unacquainted with its location, it was the duty of defendant to take ordinary care by suitable protections to insure the safety of guests at the hotel. That is the law as applicable to the facts of this case as it comes before us. That which caused the injury to plaintiff was a dangerous opening, and

if we accept as proven that which the testimony tends to establish, it was certainly not sufficiently protected. It was known to defendant to be dangerous, for one of the employees of the hotel had fallen there, and been injured in the same way, and the conclusion is fully warranted that the omission to better secure it was gross carelessness. Conceding that plaintiff was guilty of a want of some degree of care, still it was slight in comparison with the negligence of defendant, which we are, on authority from the findings of the lower courts, to believe was gross, in permitting the continued existence of such an opening in his house after it was known to him to be dangerous both to employees and guests.

The proprietor of a hotel to which he invites the public to come, that he may make gains thereby, has no right to permit the existence of such an opening as this one was, unless suitably guarded, that the slightest mistake on the part of the guest might not prove fatal. Had plaintiff been intent on observing the number on the room door he might have discovered the room he wished to enter, but by the merest accident he opened the next door, and this slight inattention was the cause of his severe injuries. The opening ought to have been better protected than it was, and the omission to do so, under the circumstances proven, may well be attributed to defendant as gross negligence.

The judgment will be affirmed.

*Judgment affirmed.*