## John Demereski, Appellee, v. Citizens Coal Mining Company, Appellant.

1. MINES AND MINERS ACT—*when wilful violation established.*
*Held,* that the evidence in this case justified the jury in finding a dangerous condition of the roadway of the mine which authorized a recovery.

2. MINES AND MINERS ACT—*what not defense to action charging wilful violation.* The doctrine of assumed risk does not apply in an action brought under the Mines and Miners Act charging a wilful violation thereof.·

3. EVIDENCE—*when permitting leading questions not ground for reversal.* It is within the sound discretion of the trial judge to permit or to refuse to permit the asking of leading questions; his action in such regard is not ground for reversal unless an abuse of such discretion is shown.

Action in case for personal injuries. Appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the May term, 1908. Affirmed. Opinion filed November 24, 1908. Rehearing denied and opinion modified May 20, 1909.

J. C. & W. B. McBRIDE, for appellant; M. U. HAYDEN and CONKLING & IRWIN, of counsel.

STEVENS & STEVENS, for appellee.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This action was brought by appellee to recover damages for personal injuries received by him while in the employ of appellant, which it is charged were occasioned by the wilful failure of appellant to comply with the requirements of the statute relative to the operation of coal mines. Judgment was rendered upon the verdict of the jury in favor of the plaintiff for $2,500.

The declaration charges wilful violations of the statute in failing to have a danger signal displayed, to place a conspicuous mark at the place where appellee

was working, and to have such place inspected by a mine examiner.

There is evidence tending to show the following facts: Prior to October 6, 1906, the mine operated by appellant contained an entry along and upon the entire length of which was laid a track. Against the north rib, about 6 feet north of the north rail of the track, was piled a quantity of old gob. Prior to his injuries, appellee had been employed by appellant for about twelve days as a laborer, his duties being to shovel dirt, clean tracks, .and perform other ordinary work about the mine. During the night of Wednesday, October 3, 1906, a large body of slate fell from the roof of the entry and covered the track for a distance of about eighteen feet. About midway of the fall, and on the north side of the track, there was left remaining in the roof a large piece of slate, at least six inches thick and about four feet wide and five feet long, which projected to the south, its end being about two feet north of a point directly over the north rail. On Thursday, the following morning, appellee and one Swigity, pursuant to the directions of the mine manager, began removing the fallen slate. On Friday, Reeves, a timber man, set some props under the slate which remained in the roof east of the east side of the fall, and appellee and Swigity then proceeded to remove the slate which had fallen upon the track and for a space of within a distance of two feet outside the rail to the north side of the track, working westward in so doing. With the larger pieces of fallen slate a retaining wall, about six feet in height, slanting to the north, was built parallel with the track, its base being about two feet north of the north rail. The remainder of the slate was piled between this wall and the old gob.

The testimony adduced by appellee tended to show that the piece of slate in question was left projecting out over the retaining wall toward the track about eighteen inches. On the morning of Saturday, the

day of the accident, Finn, a timber man, assisted by appellee and Swigity, in order to hold the rock which formed the roof, put up a cross bar over the track, supported at either end by a prop and standing outside the rail. The north end of the cross bar was placed just south of the south end of the projecting piece of slate, but did not support it. About an hour afterward, while appellee was engaged in cleaning up the fallen slate, under the cross bar, the projecting piece of slate fell from the roof upon the retaining wall and thence to the track, knocking out the north leg of the cross bar, and so injuring appellee's leg that amputation was necessary.

It is first urged as ground for reversal, that the evidence fails to show the existence of a dangerous condition at the time and place where appellee was injured; that the slate in question fell from outside of the roadway, at a point where no inspection or warning and danger signals were required by the statute, and that the piece of slate that fell did not project over the edge of the wall built by appellee, and was not over the roadway where he was working. It is obvious that the erection of the retaining wall in the manner described served to widen the roof of the entry. While the evidence upon the question is not explicit as it might be, because of the failure of some of the witnesses to clearly distinguish between the debris already in the vicinity and that created by the fall, we think the jury was warranted in finding that the piece of slate in question did project over the retaining wall. This, as well as the question whether the slate was loose, were issues of fact for the jury, and there was sufficient evidence to justify a finding in the affirmative. A condition of the roadway was thus created which was manifestly dangerous to one working therein. Notwithstanding the mine manager and his assistant testified that they examined the place on the day of the accident and found no dangerous conditions, the fact that the slate was loose tended to show

that the mine examiner failed to particularly examine the edges of the fall as is required by the statute. Appellee was but a common laborer engaged in removing debris from the track. The evidence does not disclose that he was engaged in making a dangerous place safe so as to take him out of the protection of the statute.

It is also urged that the court erred in permitting counsel for appellee to ask the witness Sammon leading questions. The matter was within the sound discretion of the court, and we are unable to say that such discretion was abused. The modification of several of appellant's instructions could not have been prejudicial. The error in injecting into them the element of assumed risk, which question was not involved in the case, could only have misled the jury to the advantage of appellant. We find no error in the rulings upon the other instructions.

The judgment of the Circuit Court is affirmed.

*Affirmed.*