CHARLES CURTIS, Plaintiff in Error, *vs.* THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY, Defendant in Error.

*Opinion filed April 23, 1909—Rehearing denied June 11, 1909.*

APPEALS AND ERRORS—*finding by Appellate Court as to what was proximate cause of injury is conclusive.* A finding by the Appellate Court, in its judgment of reversal, that the plaintiff "was guilty of negligence which was the proximate cause of the injury received by him for which he seeks to recover," is also, in effect, a finding that the alleged negligence of the defendant was not the proximate cause of such injury, and is conclusive against plaintiff's right of recovery unless there are errors of law.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Edgar county; the Hon. M. W. THOMPSON, Judge, presiding.

F. W. DUNDAS, (F. T. O'HAIR, of counsel,) for plaintiff in error.

GEORGE B. GILLESPIE, (L. J. HACKNEY, and HAMLIN, GILLESPIE & FITZGERALD, of counsel,) for defendant in error.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an action on the case commenced by the plaintiff, against the defendant, in the circuit court of Edgar county, to recover damages for a personal injury alleged to have been sustained by the plaintiff, in consequence of the negligence of the defendant, while the plaintiff was engaged as a brakeman upon a freight train being operated by the defendant. The jury returned a verdict in favor of the plaintiff for the sum of $1999.99, upon which verdict the trial court, after overruling a motion for a new trial, rendered judgment, which judgment, on appeal, was re-

versed by the Appellate Court for the Third District without remanding the cause. The Appellate Court made the following finding of fact: "We find from the undisputed evidence that in attempting to board the train in the manner shown by the evidence  *  *  *  Charles Curtis was guilty of negligence which was the proximate cause of the injury received by him for which he seeks to recover," and the plaintiff has sued out a writ of error from this court to review said judgment.

It appears from the evidence that the plaintiff, at the time he was injured, was twenty-five years of age and had been in the employ of the defendant for five years as a brakeman; that at Robinson, a station on the line of defendant's road, as the train, consisting of sixteen freight cars, upon which the plaintiff was at work as a brakeman, was leaving the station, the plaintiff, who was standing upon the station platform, attempted to board the train by placing his right hand on the end sill of a box-car and his left hand upon the end sill of a coal car in the rear of the box-car and swinging his feet up on to the bumper of the coal car, and that through the motion of the cars, or otherwise, one of his hands slipped and he lost his hold and fell between the cars, and the rear car passed over one of his legs and crushed it, necessitating amputation.

It is apparent if the negligence of the plaintiff was the proximate cause of the injury there could be no recovery, and that the judgment of the Appellate Court must be affirmed unless the Appellate Court erred in the application of the law of the case to the facts found by it.

It was alleged in the declaration that the defendant was engaged in inter-State commerce at the time of the injury, and that the injury was caused by the failure of the defendant to have the cars in said freight train properly equipped with power or train brakes, so that the engineer on the locomotive drawing said train could control its speed and stop said train without requiring the brakemen upon said train

to use the common hand brake for that purpose. Whether the proximate cause of the injury was° the failure to so equip the cars in said train or the negligence of the plaintiff in boarding said train was a question of fact, and the Appellate Court having found that the injury was the result of the negligence of plaintiff in boarding said train, it necessarily found that the failure to so equip the cars in said train was not the proximate cause of such injury. The finding of fact of the Appellate Court upon that question is binding upon this court and is conclusive against the right of the plaintiff to recover.

.The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*