CLYDE R. MYERS, Plaintiff in Error, *vs.* THE NORTHWEST-
ERN ELEVATED RAILROAD COMPANY *et al.* Defendants
in Error.

*Opinion filed June 18, 1925—Rehearing denied October 7, 1925.*

1. PRACTICE—*when trial court is not authorized to direct ver-
dict for defendant.* On a motion to direct a verdict the power of
the trial court is limited strictly to determining whether there is
or is not evidence legally tending to prove the facts alleged, and
where the evidence is conflicting and that for the plaintiff unques-
tionably tends to establish a cause of action, the court has not the
right to direct a verdict for the defendant.

2. SAME—*when Appellate Court cannot reverse judgment for
the plaintiff without remanding cause—negligence.* The Appellate
Court is not authorized by section 120 of the Practice act to re-
verse, without remanding the cause, a judgment for the plaintiff on
a finding of fact that the plaintiff was guilty of contributory neg-
ligence, where the evidence is contested and that for the plaintiff
is sufficient to preclude the trial court's directing a verdict for the
defendants, as such procedure would be an unconstitutional exer-
cise by the Appellate Court of the functions of a jury.

WRIT OF ERROR to the First Division of the Appellate
Court for the First District;—heard in that court on appeal
from the Circuit Court of Cook county; the Hon. FRAN-
CIS S. WILSON, Judge, presiding.

ELA, GROVER & MARCH, and JUSTIN K. ORVIS, for plain-
tiff in error.

GARDNER, FOOTE, BURNS & MORROW, (WALTER M.
FOWLER, of counsel,) for defendants in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

Plaintiff in error (hereinafter called plaintiff) brought
suit in the circuit court of Cook county against defendants
in error (hereinafter called defendants) to recover damages
for personal injuries sustained by plaintiff by being struck

by passing cars while a passenger on an elevated railway station platform of defendants. The suit resulted in a verdict and judgment for $6800 in favor of plaintiff, against defendants. An appeal was taken by defendants from this judgment to the Appellate Court for the First District, which court reversed the judgment with a finding of fact "that the proximate cause of the accident described in plaintiff's declaration and each count thereof was the negligent conduct of the plaintiff in placing himself in a position of danger, thus negligently directly contributing to the accident so described." The case has been brought to this court upon writ of error.

It is contended by plaintiff that by reversing the judgment of the circuit court without remanding the Appellate Court has deprived plaintiff of his right to a trial by jury, as guaranteed to him by the constitution of Illinois, and that the statute under which the Appellate Court made its finding of fact and rendered its judgment is invalid and unconstitutional.

In *Mirich* v. *Forschner Contracting Co.* 312 Ill. 343, it was held that section 120 of the Practice act, providing that the judgment of the Appellate Court reversing that of the trial court with a finding of facts shall be conclusive, applies only to cases where a jury was waived in the trial court or where the trial court would have been justified in directing a verdict because the evidence did not tend to establish a cause of action, and applied to such cases the statute is not invalid as depriving a party of his constitutional right to trial by jury.

In *Sinopoli* v. *Chicago Railways Co.* 316 Ill. 609, where the question of the unconstitutionality of sections 120, 121 and 122 of the Practice act was considered, this court said: "The essential thing in the right of trial by jury is the right to have the facts in controversy determined under the direction and superintendence of a judge by twelve impartial jurors having the qualifications and selected in the manner

required by law, whose verdict must be unanimous and shall be conclusive, subject to the right of the judge to set it aside if in his opinion it is against the law or the evidence and to grant a new trial. When the issues in a case have been submitted to a jury organized in accordance with these requirements, under the direction of a judge in a court having jurisdiction of the subject matter, and that jury has heard the evidence submitted by the parties, the arguments of counsel and the instructions of the court and has returned a verdict upon which a judgment has been rendered by the court, the right of the parties to a trial by jury has been observed. The constitution does not guarantee a review of that judgment by an appellate court, but if a review is provided for by law it must be such as does not deprive the party of the benefit of trial by jury. If in any way authorized by law the verdict is set aside the parties must be left to their original right to have the facts determined by a jury. They have the same right as on the first trial, and except by a verdict of a jury which is not set aside there can be no final determination of facts."

In the present case the evidence as to whether or not, at the time of the accident in question, plaintiff was in the exercise of ordinary care for his own safety was conflicting. The accident occurred at Howard avenue, the northerly limits of the city of Chicago. Plaintiff lived in Evanston and had alighted from a north-bound train which went no further than Howard avenue. He testified that he was in doubt at this time as to whether he would wait on the platform for a north-bound elevated train or go down the stairway at the north end of the platform and take a surface car to Evanston; that he looked to the south from both sides of the platform to see whether a train was coming which he might take and saw none; that he then went towards the north stairway, walking about a foot from the east side of the platform, and had reached a point about four or five feet from the head of the stairway when he

was struck from behind by a car passing on the track east of the platform; that he was knocked from the platform and fell to the ground four or five feet north of the end of platform and the wheels of the train which struck him ran over his right leg. The cars which struck plaintiff had been part of a north-bound train which had pulled in and stopped on the east track shortly before the train from which plaintiff alighted stopped at the west side of the same platform. After the passengers had alighted from the train on the east track the first three cars were taken on north into the yards, leaving two rear coaches, empty and without lights, standing along the east side of the platform, the north end of the north coach being about 125 feet south of the north end of the platform. These cars were then pushed to the north, one of them striking plaintiff. There was considerable evidence introduced by plaintiff tending to show that the east track was uneven, which would cause a passing train to oscillate or sway, and one witness testified that the upper part of the car as it passed projected over the platform.

There was evidence tending to show negligence on the part of plaintiff. If plaintiff's evidence was true,—and for the purposes of this case we must assume it to be true,—the circuit court would not have been justified in directing a verdict for defendants on the ground of plaintiff's negligence. In an action at law tried by jury, on a motion to direct a verdict the power of the trial court is limited strictly to determining whether there is or is not evidence legally tending to prove the facts alleged, and where the evidence is conflicting and that for plaintiff, as in the present case, unquestionably tends to establish a cause of action, the circuit court has not the right to direct a verdict for the defendants, and the Appellate Court is not authorized by section 120 of the Practice act to reverse a judgment for the plaintiff and make a finding of facts without remanding the case, as such procedure would be an unconstitutional

exercise by the Appellate Court of the functions of a jury. *Mirich* v. *Forschner Contracting Co. supra; Sinopoli* v. *Chicago Railways Co. supra.*

The judgment of the Appellate Court is reversed and the cause remanded to that court for further consideration.

*Reversed and remanded.*