Cynthia Krensky, by A. Morris Krensky, her Father and Next Friend, Appellee, v. Metropolitan Trust Company, a Corporation, Individually and as Trustee Under Certain Trust Agreement Dated January 25, 1946, Known as Trust 2755, and Michigan Avenue National Bank, a Corporation et al., Defendants. Edward E. Glatt et al., Appellants.

Gen. No. 46,301.

First District, Second Division.

November 9, 1954.

Rehearing denied November 30, 1954.

Released for publication January 12, 1955.

Vogel & Bunge, and B. S. Quigley, all of Chicago, for certain appellants; R. C. Vogel, of Chicago, of counsel.

D'Ancona, Pflaum, Wyatt & Riskind, and Erwin W. Roemer, all of Chicago, for appellee; Erwin W. Roemer, and Joseph P. Carr, both of Chicago, of counsel.

MR. JUSTICE ROBSON delivered the opinion of the court.

This was an action brought by Cynthia Krensky to recover damages caused by the negligence of defendants in the operation of the Madison Park Hotel located on Hyde Park boulevard and Madison Park avenue, Chicago, Illinois. The cause was tried before a jury who rendered a verdict for the plaintiff in the sum of $6,500 upon which the court entered the judgment from which defendants appeal.

Defendants' first contention is that plaintiff failed to prove any negligence on the part of defendants. The record reveals that on August 31, 1948, defendants Edward E. Glatt, Marion F. Green and Harold J. Green, were the beneficiaries under a trust charged with the operation of an apartment hotel in Chicago, Illinois. The hotel rented space on its ground floor to several stores, including a Stineway drugstore, which was located in the southeast corner of the building. Some of the stores had entrances and exits from the

lobby, only, and some from the street and lobby. Stineway enjoyed street and lobby entrance and exit.

On August 31, 1948, plaintiff, who was then 13 years old, went to a neighborhood movie with two girl friends in the afternoon. Upon leaving the movie at about 4:30 she and her friends went to the drugstore and entered through the street doors. She made a purchase and left the drugstore to go to her home through the lobby to the exit on the Madison Park avenue side of the hotel, at which are located two French inner swinging doors, each containing three panels of glass in five rows. She and her friends walked abreast up to the doors. Plaintiff placed her right hand on the push plate of the right door. The door was locked and her hand slipped off the push plate and went through a pane of glass, cutting her wrist. Plaintiff introduced testimony to show that the glass in the door was thinner than ordinary window glass and was defectively mounted; the putty was cracked and missing and the glass was loose. Tenants of the hotel would bang the door with their baby buggies and would break the glass about once a month and on other occasions would crack it. There was evidence that on windy days it was customary to latch the door in question to prevent drafts. Plaintiff stated, however, she had never found the door latched. There was no warning sign of any kind that the door was locked.

██ ██ The law does not charge one with anticipating dangers and negligent conditions, but one may assume that others have done their duty to give proper warning of hidden dangers. Pollard v. Broadway Cent. Hotel Corp., 353 Ill. 312, 320. In Phillips v. White, 321 Ill. App. 636, this court held that the defendants' negligence was a question for the jury where plaintiff was injured as the result of a defective handle or knob on defendants' door. Under the circumstances, we are of the opinion that there was sufficient evidence in the

18

record to make it a question of fact to be determined by the jury from a consideration of all evidence.

██ Defendants next contend that the plaintiff as a matter of law did not prove herself free from contributory negligence. She was 13 years of age when the accident occurred. The law of this State is that as to a child between the ages of seven and fourteen the question of culpability is one of fact and must be left to the jury to determine, taking into consideration the age, capacity, intelligence and experience of the child. Maskaliunas v. Chicago & W. I. R. Co., 318 Ill. 142; Lake Erie & W. R. Co. v. Klinkrath, 227 Ill. 439; City of Pekin v. McMahon, 154 Ill. 141; Rockford, R. I. & St. L. R. Co. v. Delaney, 82 Ill. 198. On this point the record reveals that Helen Schwartz, a witness for defendants, testified that immediately prior to the accident she was walking behind plaintiff and her two friends as they left the drugstore. As they approached the door the other girls were trying to get something that· plaintiff was holding in her hands. The friends were making playful gestures at trying to get it. As plaintiff and her friends reached the door she had stopped just behind them to open the door to the ladies' room. She saw, first, the plaintiff's hand against the center pane second from the top. She put the key in the door of the ladies' room. She began to turn the key. She even opened the door. Then she heard a crash of glass, and then she looked up and saw plaintiff's arm had gone through the glass. She then went into the rest room. She did nothing about the injury to the plaintiff and made no inquiry about it.

Mr. Firmin R. Therond, manager of the hotel at the time, a witness for defendants, testified that the morning following the accident he had seen missing from the right-hand door the center pane in the second row from the top. Upon cross-examination he admitted that at the time of a deposition given approximately one

19

year after the accident he had had no certain recollection which panel he had found missing at the time he had examined the door. He said that a Mr. Valento, who later died, used to be at the hotel, did all the repair work and replaced the glass in the door. He said that on the average one pane a month was broken by tenants who pushed the protruding ends of baby buggies or strollers into the doors to open them. He denied that the right-hand door had been revarnished, repainted or repaired between August 31, 1948, when plaintiff sustained the injury, and March 1949, but admitted that there might have been some very slight repairs that he did not know about.

Henry A. Kuehl, an engineer and contractor, testified for defendants that he had sometime in March 1949, at the request of defendants, examined the door and found repairs to the pane located second from the top in the center. The others showed varnish on their edges, whereas that one was perfectly clear. The bottom of that pane is fifty-one inches from the ground. Mr. Kuehl's examination was made almost seven months after the accident. He did not know when the last coat of varnish had been put on, nor when repairs were last made.

The plaintiff, Cynthia Krensky, denied that she had anything in her hand which the other girls were trying to get. She denied she had her hand raised. One of the other girls with her at the time testified that neither she nor the other girl was trying to get anything from the Krensky girl's hand. She denied that Cynthia's hand was raised. They were not frolicking. Nor were they running, jumping or scuffling. They were walking. They saw no one behind them, no one opening the door to the ladies' room. The Krensky girl in testifying pointed to the pane in the row adjacent to the brass push plate, third from the top and bottom, as the pane through which her hand crashed as it moved off the metal plate.

20

██ In view of the sharp conflict in the testimony and considering that plaintiff was 13 years of age, we are of the opinion that this was a question of fact for the jury. Sims v. Chicago Transit Authority, 4 Ill.2d 60. Murphy v. Illinois State Trust Co., 375 Ill. 310.

Defendants contend that plaintiff was not an invitee but a mere licensee and that they were obligated only to refrain from willfully causing her injury. Coupled with this contention is their objection to plaintiff's instruction given by the court to the effect that if plaintiff immediately prior to the accident was a patron of the drugstore and she was leaving the drugstore through the lobby of the hotel on her way home at the time of the accident, then she was an invitee on defendants' premises. They contend that the court erred in refusing to give their instruction to the effect that plaintiff must prove by a preponderance of the evidence that she was invited upon the premises of the defendants by one of the tenants occupying quarters in the hotel. If she failed to prove that at the time of the occurrence in question she was so invited into the hotel or the lobby, then the defendants should be found not guilty.

██ Hotels which invite the public to enter upon their premises for the purpose of gain or profit are under a duty not to permit the existence of a danger that might cause an injury to their invitees. Hayward v. Merrill, 94 Ill. 349; Chicago City Ry. Co. v. Fennimore, 199 Ill. 9; Pauckner v. Wakem, 231 Ill. 276; Pollard v. Broadway Cent. Hotel Corp., 353 Ill. 312. In the instant case the rental paid by the several stores in defendants' hotel was of necessity based upon the patronage of the general public as well as guests of the hotel. There is no evidence in the record that the hotel restricted use of its lobby entrances and exits to its guests, and the general public was invited to use the lobby as well as the street entrances and exits to its les-

21

sees' stores. In the case of Murphy v. Illinois State Trust Co., supra, the plaintiff after visiting a tavern was injured while leaving through the back door onto the porch which was under the control of the landlord. The evidence showed that the rear entrance was customarily used by patrons of the tavern with the consent of the landlord. The court held that the landlord by permitting its use by patrons of the tavern was liable. To the same effect are Phillips v. White, supra; Sydor v. Berger, 332 Ill. App. 138; Todd v. S. S. Kresge Co., 384 Ill. 524. We conclude that plaintiff was an invitee of defendants. It follows that the giving of plaintiff's instruction was proper and that the refusal of defendants' instruction was not error.

Defendants contend that the court improperly permitted plaintiff's counsel to cross-examine and attempt to impeach one of plaintiff's witnesses. The record reveals that plaintiff called Firmin R. Therond, who had been manager of defendants' hotel at the time of the accident, under section 60 of the Practice Act [Ill. Rev. Stats. 1953, ch. 110, § 184; Jones Ill. Stats. Ann. 104.060], as an adverse witness. Therond was not defendants' employee at the time of the trial. He was subsequently called by defendants and was one of their principal witnesses. Defendants raised no immediate and specific objection when he was called as an adverse witness; although all the facts were known to them at the time. Subsequently, they made general and oblique reference to the fact that Therond was not a party, yet asked for no ruling by the court and permitted the cross-examination of Therond to continue. Thereafter, having still neglected to ask for a ruling by the court, defendants' counsel cross-examined the witness and after plaintiff's counsel's redirect examination, recross-examined the witness. Defendants cannot now raise this objection. Cf. People v. Sawhill, 299 Ill. 393, 408; Ross v. Estate of Ross, 204 Ill. App. 636, 637; Forster v. Sheridan Trust & Savings Bank, 257 Ill.

22

App. 463, 468. Further, his deposition had been taken before trial. His testimony upon trial conflicted with and contradicted the statements he had made under oath before trial. A reading of the record reveals that he was hostile. Plaintiff's counsel stated he was calling his attention to previous statements for the purpose of refreshing his recollection and awakening his conscience. The court permitted his cross-examination. This was a matter in its sound discretion. People v. Gallery, 336 Ill. 580; Demereski v. Citizens' Coal Min. Co., 149 Ill. App. 513. And see Bituminous Casualty Corp. v. City of Harrisburg, 315 Ill. App. 243. That discretion was not abused.

Defendants next contend that the verdict was excessive. They state that there was no formal proof of plaintiff's out-of-pocket expense; that she suffered no permanent damage and has practically the complete function of her hand. Dr. Kobak testified that a reasonable charge for his services would be $1,000; that the reasonable charges of the hospital services would be approximately $400. No objection was raised by defendants to the reasonable value of Dr. Kobak's services at the time. When certain questions pertaining to the hospital bill were corrected defendants did not object. They, therefore, cannot object now. Defendants say that it may be true that plaintiff sustained a severe injury but that she recovered completely; that she has complete function. The record reveals that there were severe injuries to her hand. She was in the operating room over four hours; in the hospital five or six days. Thereafter for a year or more she was given physical therapy and rehabilitation treatments to restore and maintain proper nutrition and muscle tone of the hand. There has been only a partial regeneration of the median nerve of her hand. Sensory function has been permanently lost in the area of the injury. Motor function is impaired. Further regeneration is not to be expected. The wound left an ugly livid keloidal scar

23

across the entire surface of her inner wrist. Under the circumstances, we cannot say that the verdict of $6,500 was excessive.

▇▇▇ Defendants' last contention is that plaintiff's closing argument was improper and prejudicial. Examination discloses that while some of the remarks made by plaintiff's counsel were improper, they were not such as to prejudice defendants' rights. We believe that defendants received a fair trial.

The judgment of the trial court is affirmed.

Judgment affirmed.

SCHWARTZ, P. J., concurs.

McCORMICK, J., took no part.