## Leon A. Colp et al., Appellees, v. George C. Hanford, Appellant.

1. INSTRUCTION—*when peremptory for plaintiff should be given.* In an action of *assumpsit* a peremptory instruction for the plaintiff should be given, leaving the amount to be determined by the jury, where there was no dispute that the defendant was indebted to the plaintiff.

2. INSTRUCTIONS—*when complaint will not be considered.* Unless the particular errors complained of are pointed out the court will not undertake to search through the instructions for undiscovered errors.

*Assumpsit.* Appeal from the County Court of Williamson county; the Hon. W. F. SLATER, Judge, presiding. Heard in this court at the August term, 1908. Affirmed. Opinion filed March 4, 1909.

WILLIAM W. CLEMENS, for appellant.

HARTWELL & WHITE, for appellees.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action of *assumpsit,* in the Circuit Court of Williamson county, by appellees against appellant, to recover for legal services performed by appellees for appellant. Trial by jury. At the close of all the evidence the court of its own motion gave to the jury an instruction as follows: "The jury are instructed that your verdict should be in the following form: We, the jury find the issues for the plaintiffs and assess their damages at............ ..dollars." The jury returned their verdict assessing the plaintiffs' damages at the sum of $311.65.

The only question of law, so raised and presented on this appeal as to call for either consideration or discussion, is as to the giving, by the trial court, of the instruction above quoted. Counsel for appellant opens his argument by stating: "We insist the court erred in instructing the jury of his own motion,

to find the issues for the plaintiffs. If this instruction is justified, then of course it is unnecessary to discuss anything else in the case; and if it is not warranted under the facts and the law, then the judgment must be reversed.''

The wholly undisputed evidence conclusively proves that appellant was indebted to appellees and that appellees were entitled to recover. The only question was as to the amount. Upon this state of evidence it was the duty of the court to give the instruction given, and in the form in which it was given.

As to the other instructions in the case, counsel say: ''We insist that the court erred in giving each of the instructions given to the jury on behalf of plaintiff, and erred in refusing each of the instructions asked by the defendant and refused by the court. The errors in giving and refusing instructions, we claim will appear from a reading of them, without any extended argument.'' And this is all he says on that subject.

Where no particular error is pointed out the presumption is that none has been discovered, and the court cannot be rightfully called upon to ''wade'' through the record in search of undiscovered errors.

As above noted, the wholly undisputed evidence conclusively proves plaintiffs' right to recover, and we think that the weight of the evidence abundantly warranted the jury in bringing in a verdict for the amount they specified.

The judgment of the Circuit Court is affirmed.

*Affirmed.*