## John Haiek, Appellee, v. American Car and Foundry Company, Appellant.

1. APPEALS AND ERRORS—*when errors urged not considered.* Mere general statements that a ruling is wrong without any attempt to point out wherein the error consists or to advance any reason or argument in support of the simple assertion that error has occurred, discloses nothing to adverse counsel and does not impose upon a court of review the duty of instituting an investigation of the record in order to ascertain if error of some nature or kind may be found.

2. MASTER AND SERVANT—*when doctrine of assumed risk does not apply.* An inexperienced servant does not assume the risk of an injury resulting from a danger which was not one of the ordinary hazards within the scope of his employment, such danger being incurred by him in obedience to an order of his master and not being so imminent that a man of ordinary prudence would not incur it.

3. VERDICTS—*when set aside as against the evidence.* A verdict will be set aside as against the evidence if manifestly against the weight thereof.

Action in case for personal injuries. Appeal from the Circuit Court of Madison county; the Hon. CHARLES T. MOORE, Judge, presiding. Heard in this court at the October term, 1909. Reversed and remanded. Opinion filed April 9, 1910.

WISE & KEEFE, for appellant.

M. R. SULLIVAN and C. H. BURTON, for appellee.

MR. JUSTICE SHIRLEY delivered the opinion of the court.

This case was submitted to a jury upon the second count of the declaration and resulted in a verdict and judgment for appellee for the sum of $1,500, from which judgment appellant appealed.

The declaration averred that appellant was operating a plant for the manufacture of railroad cars and had a certain saw attached to a table and operated by a lever and various appliances driven by steam; that appellee was employed as a helper to the men operating the saw and that such labor did not require

him to operate the saw, and did not subject him to the risks and dangers incident to its operation; that appellant ordered him to take a board and saw it in shape to be used as a hoe for raking saw dust from around the machine; that he was inexperienced in that work and that it was more hazardous than the work he was hired to perform and subjected him to extra hazards and risks outside of his employment; and that while attempting to saw a board as directed, and while in the exercise of care, his hand was caught by the saw and his fingers and thumb cut off.

It is complained by appellant that among the errors committed by the trial court, was the refusal of a number of instructions asked by appellant. It is not pointed out in what particular the court erred, or why the instructions should have been given. Counsel simply suggest they think the refused instructions state the law correctly and there was no good reason to refuse them. "Mere general statements that a ruling is wrong without any attempt to point out wherein the error consists or to advance any reason or argument in support of the simple assertion that error has occurred, discloses nothing to adverse counsel, and does not impose upon a court of review the duty of instituting an investigation of the record in order to ascertain if error of some nature or kind may be found." C. & A. R. R. Co. v. Strawboard Co., 190 Ill. 274.

It is contended in the argument that appellee cannot recover because he assumed the risk at the time he was injured.

The evidence shows appellee who was a shoemaker by trade and unacquainted with the handling and operation of machinery, had been employed in the plant of appellant as a helper for thirteen days prior to his injury. His duties were to carry boards and help around a machine which was operated by a machinist. The machine was called a swing cut-off saw and was operated by a lever by which it could be stopped and started. The lumber to be sawed was placed upon a

table underneath the saw and when in operation the saw would descend and cut the piece of timber which piece was held and directed by the hands of the machinist operating it.

The evidence further shows it was a dangerous machine to an inexperienced man as appellee was. The running of the machine was not one of the ordinary hazards within the scope of his employment and as there is evidence which shows it to have been extra hazardous, it cannot be said he assumed the risk provided he was ordered by the master to operate it and the danger was not so imminent that a man of ordinary prudence would not incur it.

It does not appear appellee had any knowledge of the dangers to be incurred from operating the saw except such information as he might have gained by working around it in the capacity of a helper, and whether he had such knowledge was in this case a question for the jury.

Upon the question of the order by the master to appellee to operate the saw, there is an acute and irreconcilable conflict in the evidence.

It appears from the evidence scrapers were used about the plant to scrape the saw dust accumulating on the floors. These scrapers are in size about six inches by eight; about one inch thick and beveled on the bottom, with a hole for a handle. Appellee testifies that one Janacheck, appellant's foreman, ordered him to get the saw dust out from under the machine and he replied he had nothing to do it with; that the foreman said "Go and make the scraper;" that there was a board and that he told him to cut off the edges, sides and corners and make one of the scrapers; that the foreman did not tell him what to cut it with "but showed with his hands to the saw."

He further testified the foreman said "cut this piece and this other piece and when I was cutting this piece, that piece turned and my left hand came under the saw." The result of his hand coming in contact with

the saw was that his thumb and all the fingers of the left hand except the little one were cut off. We find in looking over the testimony no evidence which fairly corroborates the appellee's statement that he received such order from the foreman.

The testimony shows appellant has an extra man to make scrapers who makes a dozen or two at a time and they are brought to the place where one can be had by anybody who needs it; sometimes scrapers are made in the place by the men who run the machines. It appears that near the saw was another machine called a planer run by a man named Patrick, and that Joseph Hendricks was the machinist who operated the saw. These men both testify when the planer stops, the man at the saw has nothing to do and the saw stops, and that on this occasion the planer and saw had both stopped and Hendricks had walked away from it. Hendricks says he walked away to count some boards and in about fifteen minutes he noticed the saw was running and that appellee had been hurt. Hendricks says he does not know who started the saw but that it could not start without pulling a lever. Patrick says he does not know who started the saw and appellee says he did not start it. Joseph Hendricks and William Hendricks both state they had warned appellee to keep away from the saw; that it was dangerous.

Frank Janacheck, the foreman, denies the statement of appellee that he ordered appellee to make a scraper, or to get a board, or to use the saw, or that he pointed to the saw with his hands. He testifies that he had no such conversation with him and at the time appellee was hurt he was at the office with Mr. Koenaman and had been there about a half hour. Koenaman says he was in the office when appellee was injured; that he and Janacheck went to the office and were there together about a half hour, when witness says he left the office and walking down by the mill met appellee as he was coming from the machine; that he saw his hand was

cut and that he took him to the office, met Janacheck and took appellee to the doctor's office.

After a careful consideration of all this testimony, weighing it as well as we can without hearing the witnesses and seeing them, we are of opinion the evidence not only does not preponderate in favor of appellee that he was directed by the foreman to operate the saw, but that the verdict is manifestly against the weight of the evidence and cannot stand. Donelson v. E. St. L. & Sub. Ry. Co., 235 Ill. 625. So far as we can see the witnesses are of equal credit and while we attach much weight to the verdict of a jury upon the question of the credibility of witnesses, the rule that the burden of proof devolves on the plaintiff to make out his case, should not be entirely ignored. The elements of probability that arise from all the circumstances seem to us to weigh much in favor of the testimony of Janacheck, and we think the court should have sustained appellant's motion for a new trial and that it erred in not doing so.

For the error indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*