## Bituminous Casualty Corporation, Appellant, v. City of Harrisburg, Appellee.

244

Heard in this court at the May term, 1942. Opinion filed June 27, 1942.

A. E. Somers, of Harrisburg, and W. C. Ropiequet, of East St. Louis, for appellant.

Lynndon M. Hancock, of Harrisburg, for appellee.

Mr. Presiding Justice Stone delivered the opinion of the court.

This suit was filed in the circuit court of Saline county, by the Bituminous Casualty Corporation, appellant, who will be referred to hereinafter, as plaintiff, against the City of Harrisburg, a municipal corporation, operating under the commission form of government, appellee, who will be referred to hereinafter as defendant. Plaintiff was a corporation engaged in the liability insurance business and the action was to recover the sum of $5,089.81, for insurance premiums alleged to be due on a policy issued to cover the liability of said city to its employees under the Workmen's Compensation Act of Illinois. The premiums claimed were based upon the wages paid certain workmen by the Illinois Emergency Relief Commission, who will be referred to frequently in this opinion, and for convenience will be designated as IERC. These workmen were employed in and about the City of Harrisburg, on certain relief projects.

Defendant denied that the workmen on said relief projects were employees of the city and filed a counterclaim to recover the sum of $54.88 alleged to be due as the unearned portion of advance deposit premiums paid on said policy.

Trial was had before a jury who returned a verdict in favor of defendant and against plaintiff in the sum of $45 and costs, upon which judgment was entered and from which judgment this appeal is taken. At a former trial the lower court had directed a verdict against plaintiff and in favor of defendant, and judgment entered on that verdict was, on appeal to this court, reversed and remanded, on the theory that sufficient facts had been introduced in evidence to justify

the submission of the issues to the jury. *Bituminous Casualty Corp. v. City of Harrisburg,* 303 Ill. App. 75.

The complaint filed by plaintiff alleged that the insurer entered into a contract with the city, insuring it against loss on account of any injury or death of its employees while so engaged and issued and delivered to said city, its contract or policy of insurance which was accepted and agreed to by the city, which policy was set out in *haec verba* in said complaint. Attached to said policy, as set forth in the complaint and forming a part thereof, was a rider designated and entitled "unemployment or Emergency Relief Employees' Endorsement." A stipulation was entered into between the parties, with respect to the amount due the city in the event the city did not owe for the premiums on relief employees, which amount was $45, which grew out of the account, on the policy insuring the regular city employees, so that the appeal is confined to the premium on IERC workers engaged on work projects in and allegedly for the city. The complaint further alleged that divers employees were working for the city and being paid for such work by what is known as the Illinois Emergency Relief Commission, in certain forms of relief work, sponsored and contracted for by the city for its use and benefit. That in its agreement with the said IERC the city voluntarily became sponsor for said work and employment and accepted the benefits thereof, and agreed with the said relief commission to purchase and carry liability insurance to fully comply with the Illinois Workmen's Compensation laws, and that in compliance with this agreement with the said relief commission the insurance policy hereinbefore described was secured by the city from the insurer. This policy was alleged to be in force between June 20, 1935 to March 28, 1936.

Defendant filed a motion for a bill of particulars, asking that plaintiff be required to attach to complaint all exhibits it might rely on, the classes of employees, the number, wages paid, premiums claimed, the different groups of employees, the kind of work performed, and the date and place where same was performed. This motion was granted, and bill of particulars was filed setting forth two relief projects, which were project 282–B–2–104, for repairing sidewalks and pavements in the City of Harrisburg, and project 282–B–15–12, for construction of an airport at Harrisburg.

The city filed an answer admitting that it employed divers persons in divers classes of work, all of whom were on the regular payrolls of the city, but denied that it had any employees engaged in constructing, repairing and improving an airport or engaged in any of the work mentioned in the complaint and bill of particulars, other than employees for whom premiums had been paid; denied making any agreement with IERC by which defendant became sponsor for any kind of work or employment, and denied that it took out the insurance policy sued on in order to comply with any contract with IERC. It also set up in its answer that it was a municipal corporation operating under the commission form of government, that its mayor and four commissioners constituted the city council; that by the statutes of Illinois a majority "aye" and "nay" vote is required to be taken on all propositions to create any liability against the city or for the expenditure or appropriation of its money, and that no such action had been taken by the city council to obligate defendant to the expenditure of any funds as sponsor for alleged work by contract with IERC. Plaintiff in its reply denied this.

Many technical objections are made in the pleadings, but taken as a whole they resolve themselves into the

one question—Were the men who came to work at defendant city during the period in which it is claimed they worked for said city, in the employ of defendant city? Was there a hiring by which the city became responsible to pay premiums to plaintiff on the coverage of these men by virtue of its policy with plaintiff?

On a previous hearing of this case in this court, *Bituminous Casualty Corp. v. City of Harrisburg,* 303 Ill. App. 75, it was held that the fact and circumstances there presented together with their reasonable intendments and proper conclusions to be drawn from them raised questions of fact as to whether or not there was a hiring on the part of defendant city, and that those facts were sufficient to warrant the trial court in submitting that question to the jury. That was done in the instant case, and it is not necessary to discuss at any length, the evidence introduced upon the trial of the case in the lower court, for the reason that it is not assigned as error, that the verdict of the jury was against the manifest weight of the evidence.

It is assigned as error that the trial court erred in refusing to give to the jury certain instructions' offered by plaintiff, particularly instructions (a), (b), (c), (d) and (e). Counsel for plaintiff in their argument contend that the legal principles underlying these instructions form the principal contention in this case, and that the court should have permitted the jury under proper instructions as to the law, to pass upon the only question left in the case, when the contracts were excluded, namely, whether the city, by its actions had not entered into an implied contract of hire with the IERC workers. Nowhere is it specifically pointed out wherein these specific instructions are proper statements of the law, or wherein the court erred in refusing to give them. Mere general statements that a ruling is wrong, without any attempt to point out wherein the error consists or to advance any argument in support of the simple assertion that

there has been error, discloses nothing to adverse counsel and does not inform the court of review as to the particular error claimed. The presumption obtains that the trial court ruled correctly in giving instructions and in order to overturn that presumption a party litigant complaining of error must affirmatively disclose that specific error. *Chicago & A. R. Co. v. American Strawboard Co.*, 190 Ill. 268; *Haiek v. American Car & Foundry Co.*, 155 Ill. App. 261; *Colp v. Hanford*, 147 Ill. App. 174.

Toward the beginning of the trial, plaintiff placed on the stand Ray Durham, who had been mayor of defendant city from May 1, 1935 to May 1, 1939, which was during all of the policy period here in controversy. Plaintiff asked leave under section 60 of the Civil Practice Act to examine him as an adverse witness. The court refused to permit this on the ground that the witness was no longer an official of defendant city, and this is assigned as error by plaintiff. This section provides, "Upon the trial of any case, any party thereto for whose immediate benefit such action is prosecuted or defended, or by the officers, directors, or managing agents of any corporation which is a party to the action, may be examined as if under cross-examination at the instance of the adverse party or parties or any of them, and for that purpose may be compelled, in same manner and subject to the same rules for examination as any other witness to testify. . . ." Ill. Rev. Stat. 1939, ch. 110, sec. 60 [Jones Ill. Stats. Ann. 104.060]. The statute provides in effect that one who is an officer of any corporation which is a party to the action, may be examined. The language of the statute contemplates the status of the witness, as of the time of the litigation apparently and not as of the time of the accrual of the cause of action. Counsel cites the case of *Combs v. Younge*, 281 Ill. App. 339, which does not pass on this particular question. Counsel also cites the case of *Shapleigh Hardware Co. v. Enterprise Foundry Co.*, 305 Ill. App. 180

in support of their contention. In that case the witness was, at the time of the trial, secretary of defendant company, and the court permitted him to be examined under this section, even as to the previous history of the Belleville Stove and Range Company, under the theory of plaintiff that defendant was the undisclosed principal of the Belleville Stove and Range Company. This was held not to be error. This held in effect that when an officer of a corporation is called as a witness he may be examined under said section as to all matters material to the case. But his being subject to cross-examination in the first place depends upon his status, as an officer of the corporation, at the time that he is called as a witness. Complaint is also made that the witness Durham was adverse and cross-examination should have been permitted. This was a matter in the sound discretion of the court. *People v. Gallery*, 336 Ill. 580; *Demereski v. Citizens' Coal Mining Co.*, 149 Ill. App. 513. We are not prepared to say that the court abused this discretion.

Complaint is made, that the court erred in refusing to admit certain documentary evidence offered on behalf of plaintiff. It is assigned as error that the court erred in refusing to admit plaintiff's exhibits 14, 15 and 16, which purported to be payroll audits made by Charles H. Backhus, a payroll auditor. He had made an audit of the city payroll, which had been signed and certified to by the city clerk, and later the witness without the knowledge or consent of said city clerk added certain information he had received, above her signature. Such fact being admitted it would have been improper for such audit to have been admitted in evidence. In any event no prejudice could have resulted to the cause of plaintiff, for all of the material facts were set forth in the stipulation between the parties, much of which was testified to by the witness. Counsel for plaintiff in their brief say, "They (exhibits 14, 15 and 16) correspond generally

to the conclusions given by the witness, so need not be given in further detail here.'' We cannot see how plaintiff was prejudiced by the failure to admit these audits in evidence.

It is assigned as error by plaintiff that the court erred in refusing to admit in evidence plaintiff's exhibits 2 to 12 inclusive. These were IERC forms for application for work relief project, which were signed by some IERC employee and some officer or officer-elect of defendant city. All of said exhibits except 3, 6, and 9 contained a printed paragraph to the effect that the applicant agreed to accept as its legal employees the workmen assigned by IERC and to supplement the medical care and other relief given to the workmen and their dependents by the IERC as may be necessary to meet the requirements of the Workmen's Compensation Act of Illinois. Exhibit 2 was signed by Ray Durham before he became Mayor of Harrisburg; exhibits 3 and 4 were signed by Ray Durham after he became mayor; exhibit 5 was signed by N. A. Hermann, before he became city commissioner and 6 after he became commissioner; exhibits 7, 8 and 9 were signed by G. B. Hart, during his term as mayor, while 10, 11 and 12 were signed by C. A. Sloan, during his term as finance commissioner.

Counsel for plaintiff argue that they contended in the lower court that these exhibits, although invalid as executory contracts, had in effect been ratified by the actions of the city in putting the contracts into effect and accepting the benefits and for these reasons the city was estopped from asserting the invalidity of the contracts. It is not contended in this court by plaintiff, that any of these contracts, which were not between the parties litigant, but one of the parties and a stranger to the record, were entered into and executed in the manner prescribed by law. If there is a statute prescribing the method by which an officer or agent can bind a municipal corporation by contract,

such method must be followed, since there can be no implied contract or liability on the part of such municipal corporation. *Selby v. Village of Winfield,* 255 Ill. App. 67; *Roemheld v. City of Chicago,* 231 Ill. 467; *Arnold v. Village of Ina,* 244 Ill. App. 239. It is not claimed that any of these contracts were approved by the city council in the manner prescribed by the statute. We are therefore constrained to hold that the court did not err in refusing to admit such contracts between the city and IERC in evidence.

This suit is predicated upon an express contract, that is the insurance policy, particularly the rider to said policy, with reference to IERC employees. The suit is not based upon the contracts between the city and IERC. While it is true that an executed contract within the general powers of a municipality, where the power has been entered into irregularly or by one not authorized, obligates the municipality upon the same principle and to the same extent as though it were a private corporation or an individual, and that such contract may be ratified, it should not be lost sight of, that such contract to be ratified, was the insurance policy upon which suit was brought.

Evidence was introduced by plaintiff upon the theory of ratification and acceptance of benefits by the city, and the issue of whether there was a hiring on the part of the City of the IERC employees, or ratification by the city, and the verdict of the jury was adverse to the plaintiff on these propositions.

With reference to the proposition that the city was estopped by its conduct from asserting the invalidity of these contracts as a defense, where there is no dispute about the facts and only one inference can be drawn therefrom, it is a question of law whether or not the facts proved constitute an estoppel. But under all other circumstances the question whether an estoppel existed is to be determined by the jury. 21 C. J. 1253.

We find no prejudicial error in the action of the court in the rejection or admission of other evidence.

There being no reversible error in this record, the judgment of the trial court will be affirmed.

*Affirmed.*