SMITH, FRANK A., Associate Judge.
Upon motion of Plaintiffs, summary judgment as to liability was entered and trial was had before a jury to ascertain the amount of damages. The appellees are husband and wife and were co-plaintiffs suing to recover for their personal injuries in an automobile accident. The husband’s recovery also included damage to his automobile and expenses he had incurred for treatment of the injuries to his wife and himself. His claim also included loss of services and consortium for the past and for the future.
Appellant complains that the verdict was excessive for each party, the award to the husband being $25,000.00 and that to the wife in the amount of $11,250.00.
The motion for new trial contained the stock grounds of contrariness to law, evidence and both law and evidence, which require no discussion. There were five grounds complaining about the charges given in behalf of Plaintiffs, but a careful review of these discloses nothing more than harmless error in the use of some general statements that were inappropriate and incorrect. The only one of any of the charges the Court finds to be erroneous and to which appellant objected, was Number 14, which the Court considers innocuous and not calculated to influence the jury.
The last ground charges that the verdicts were grossly excessive so as to demonstrate that they were the result of prejudice and or sympathy.
The Court has carefully reviewed the entire record to ascertain whether or not it reflected anything that may have caused prejudice against the Appellants in the minds of the jury, also whether there was anything to manifest that the jury was unduly influenced by sympathy. No justification has been found for the charge of prejudice and its affecting the verdict. While the evidence as to the injuries of Appellees and their sad state of suffering and the wife’s helplessness would naturally cause sympathy for them, yet the Court cannot ascribe the large verdicts to either prejudice or sympathy.
*59 The trial judge in his order denying the motion for new trial analyzed the verdicts and discussed the several elements of damages involved. He mentioned different elements of damages which counsel for ap-pellees had listed in a rather elaborate display upon a chart used to portray the full extent of their damages, and the figures claimed by counsel for each of such elements and expressed his opinion of the insufficiency of the evidence to support the figures of $7,000.00 for the wife’s loss of earning and $16,700.00 for the husband’s loss of earnings.
There is no way for a judge to know whether the jury included such sums in their verdict. When damages are allowable for several different elements, and the verdict is in an aggregate amount, there is no way of determining how the jury made up the same. The Court has no way of determining how the jury applied the formula or whether they paid any attention to it. Certainly the jury is not required to use it and may completely ignore it.
The order of the able trial judge concluded with expression of his opinion that the evidence was sufficient to show that both parties suffered and are still suffering substantial pain and are permanently partially disabled; that the verdicts, even if considered only as compensation for out-of-pocket expenses, past and present pain and suffering, and loss of consortium are not excessive; that although they were larger than anticipated, they do not shock the conscience of the Court.
After a careful study of the record and full consideration of the assignments, the Court cannot say that the trial judge erred in his decision to overrule the motion for new trial, permit the verdict to stand and enter judgment thereon.
The judgment is affirmed.
SHANNON, C. J., and WHITE, J., concur.