167 So.2d 623 (1964)
DIRECT TRANSPORT COMPANY OF FLORIDA, INC., a corporation, Direct Equipment Company of Florida, a corporation, Fleet Transport Company of Florida, a Corporation, Fleet Management Company, a corporation, Clayton L. Wolfe and David Harden Cochran, Appellants,
v.
Clayton RAKASKAS, Appellee.
Nos. 63-682, 63-683.
District Court of Appeal of Florida. Third District.
September 9, 1964.
Rehearing Denied October 14, 1964.
*624 Ross, Reinhardt & Goodman, Richard M. Gale, Miami, for appellants.
Dean, Adams & Fischer, Miami, for appellee.
Before BARKDULL, C.J., and TILLMAN PEARSON and HENDRY, JJ.
BARKDULL, Chief Judge.
By these appeals, the correctness of a final judgment rendered upon a jury verdict in a personal injury action is brought on for review. With one exception, which will be hereinafter noted, at this juncture of this cause all reasonable inferences drawn from the evidence are to be in favor of the jury's verdict. See: Prince Michael Corp. v. Zucker, Fla.App. 1962, 147 So.2d 332; F.W. Woolworth Company v. Stevens, Fla.App. 1963, 154 So.2d 201.
Examining the record in light of this principle, it appears that the plaintiff was driving a three-wheeled motorcycle in an easterly direction along Griffin Road in Broward County, following a tractor-trailer rig being driven by the appellant, Cochran, and which was owned or controlled by the other appellants. That, when the two vehicles came into proximity to each other they were both going in the same direction, in the right-hand lane of a macadam road having a width of 24 feet. That, they were proceeding along Griffin Road within the speed limit, at approximately 25 miles per hour, when they approached a gradual turn to the left in the road, at which point Bryan Road enters Griffin Road from the right (or south). That, as they got to the turn, the tractor-trailer rig drifted over the center of the road [to the left] and reduced speed. That, the plaintiff maintained his original lawful speed, stayed on the right-hand side of the pavement and [because of the reduction in speed of the tractor-trailer rig] the rig drew back alongside the plaintiff until the latter was adjacent to what is commonly called the fifth wheel [or where the tractor and trailer connect], at which time the tractor-trailer made a sudden right turn into Bryan Road without any signals, cutting off the travel of the plaintiff and resulting in the accident and serious injury involved. The driver, Cochran, admitted that at no time was he aware that the plaintiff and the motorcycle were in his proximity until the time of the impact.
The appellants have preserved the following points for review, which they urge as error: (1) Denial by the trial court of their motion for a directed verdict, contending that the appellee's passing on the right constituted contributory negligence as a matter of law, in view of the provisions of § 317.27, Fla. Stat., F.S.A. (2) Failure of the trial judge to advise the jury, in his opening remarks, that not only were there issues as to the negligence of the defendants but there was an issue as to the contributory negligence of the plaintiff. (3) Refusing to give a requested instruction on § 317.27, Fla. Stat., F.S.A. (4) Permitting the plaintiff to call an alleged managing agent of the corporate defendants as an adverse witness, when at the time of the trial he was no longer employed by said defendants. (5) Denying the motion for new trial *625 which urged that the verdict was excessive or computed contrary to the court's instructions.
In determining whether or not the trial court committed error in refusing to direct a verdict, all reasonable inferences to be drawn from the evidence will be drawn in favor of the party moved against. See: Seaboard Air Line Railroad Company v. Branham, Fla.App. 1958, 99 So.2d 621; Mellet v. Henry, Fla.App. 1959, 108 So.2d 69. In view of the evidence that the plaintiff's motorcycle had never left the pavement [which will be hereinafter discussed] prior to the tractor-trailer rig turning to the right, we find no error in the failure of the trial judge to rule as a matter of law that the plaintiff was guilty of contributory negligence because of the provision of § 317.27, Fla. Stat., F.S.A. See, also: Hiatt v. Trucking, Inc., 122 Ind. App. 411, 103 N.E.2d 915; Menard v. Blanchard, 117 Vt. 384, 92 A.2d 616; Kleckner v. Great American Indemnity Co., 257 Wis. 574, 44 N.W.2d 560. Although the trial judge refused to discuss the defense of contributory negligence in his remarks to the jury while outlining the issues [and possibly it would have been better procedure for him to have done so], same was mentioned by certain of defense counsel in their opening arguments and was adequately charged; and we do not find the trial judge abused his discretion in failing to discuss this defensive issue in the opening remarks. Therefore, no error is made to appear in this point.
The record and exhibits before the trial judge at the time he considered the question of whether or not to give an instruction on § 317.27, Fla. Stat., F.S.A., (1959)[1] has been extensively examined by this court. In determining whether or not the trial judge committed error in this particular, it is necessary to examine the evidence and the theories of the respective parties as to their causes of action and the defenses thereto as the record then stood. See: Winfield Packing Co. v. Truitt, 71 Fla. 38, 70 So. 775; Crosby v. Stubblebine, Fla. App. 1962, 142 So.2d 358. Therefore, we must determine if the evidence then before the trial court was susceptible to two views, to wit: (1) that the tractor-trailer rig was at all times in the right lane of traffic, proceeding in an easterly direction, and had not drifted on to the left lane or wrong side of the road; or (2) that the tractor-trailer rig had drifted over to the left lane and was proceeding either/or together/or partially on the wrong side of the road. If the evidence was susceptible to the first proposition, then the charge should have been given, and it left to the trier of the fact to determine which version of the events surrounding the accident were correct. However, the evidence before the trial judge at this time was not so susceptible, in view of the fact that at all times all witnesses concurred that the plaintiff's three-wheeled motorcycle was on the pavement up until the time the tractor-trailer rig commenced its turn. The only logical view of the evidence, in light of this particular circumstance, was that it was physically impossible for the truck to have remained entirely on the right side of the 24' wide road because of its 8' 1" width and because of the width of the three-wheeled motorcycle, which was 4' 1". Therefore, the tractor-trailer rig must have drifted across the imaginary center line and on to the left side of the road. Therefore, in view of the undisputed physical evidence before the trial judge, we find no error in failing to give the charge requested on § 317.27, Fla. Stat., F.S.A. In passing, it is pointed out that if in fact a charge had been given under this section, it would have been incumbent upon the trial judge [if requested] *626 to grant a charge on § 317.28, Fla. Stat., F.S.A. (1959).[2]
The general rule appears to be that in calling an adverse witness the question of whether or not he is, in fact, an adverse witness is determined as of his affiliation with the adverse party on the date of the trial. See: Bituminous Casualty Corp. v. City of Harrisburg, 315 Ill. App. 243, 42 N.E.2d 971; Snelling State Bank v. Clasen, 132 Minn. 404, 157 N.W. 643, 6 A.L.R. 1663; Broste v. Farmers Union Co-Operative Elevator Co., N.D. 1955, 71 N.W.2d 55; 58 Am. Jur., Witnesses, § 560. This should not be a hard and fast rule, but should be a rule to be applied in the discretion of a trial judge in light of the facts brought to his attention at the time of the trial. The witness called by the plaintiff was a dispatcher for the appellants at the time of the accident; he visited the scene of the accident; he was interrogated as an expert in the operation of tractor-trailer rigs; and we find no error in the trial judge permitting him to be called as an adverse witness in the particular circumstances of this case. Even if the trial judge had committed error in permitting him to be called as an adverse witness, his testimony was merely cumulative and the error, at most, would be no more than harmless. See: Sea Crest Corporation v. Burley, Fla. 1949, 38 So.2d 434; Williams v. Scott, Fla. App. 1963, 153 So.2d 18; § 54.23, Fla. Stat., F.S.A.
Turning lastly to the question of the excessiveness of the verdict or that it was computed contrary to the court's instruction, the verdict returned was for $290,000.00. The plaintiff suffered extensive injuries as a result of the accident, which rendered him permanently incapacitated to a certain extent. He suffered multiple fractures of the pelvic region, the tractor-trailer having come to rest upon him. He is unable to control many of the normal body functions or perform as a normal human being. The trial judge was well within his discretion in denying the motion for new trial upon the ground that the verdict was grossly excessive and will not be disturbed by this court. See: Florida East Coast Railway Company v. Stewart, Fla.App. 1962, 140 So.2d 880; Tampa Transit Lines, Inc. v. Smith, Fla. App. 1963, 155 So.2d 557. The appellants' point on the failure of the jury to compute the verdict in accordance with the court's instruction, at first glance appears to have merit. During the course of the final argument, counsel for the plaintiff used a chart on which an item of $111,000.00 was included as a claimed loss of future earnings. This was computed by applying percentage of loss to the anticipated work life expectancy of $3,000.00 per year for 37 years. No evidence was adduced by either side to demonstrate how this figure could be reduced to present day value, although the trial judge instructed the jury [in rendering the verdict if it was for the plaintiff]: "If you find that the plaintiff has future or permanent loss of earnings, all such damages must be reduced to their present money value; * * *".[3] In the closing argument, counsel for plaintiff asked the jury to return a verdict for the plaintiff in the total *627 sum of $289,897.39, which included the figure of $111,000.00. The jury's verdict was for $290,000.00, or $102.61 in excess of the amount listed on the chart. Counsel for the appellants contend the trial judge erred in not granting a remittitur or a new trial when considering their motion for a new trial on this ground in view of the ruling of the Supreme Court of Florida in Braddock v. Seaboard Air Line Railroad Co., Fla. 1955, 80 So.2d 662.
In reviewing Braddock v. Seaboard Air Line Railroad Company, supra, we find it distinguishable from the instant case. The plaintiff in the cited case conceded that the loss of future earnings should be reduced to present value, but questioned [on appeal] the trial court's calculation in reducing the loss of future earnings to their present value. In the case sub judice, the appellee [plaintiff in the trial court] does not concede that the jury failed to reduce the loss of future earnings to present value, but rather argues on appeal that the verdict is not excessive in view of the evidence. Therefore, we interpret Braddock v. Seaboard Air Line Railroad Company, supra, to be authority for the proposition that when a jury awards a verdict in the exact amount requested by the plaintiff's counsel there is an assumption that the aggregate verdict constitutes an award of each particular item of damage as contended by plaintiff's counsel, affording a proper basis for an analysis of the verdict. We have analysed the verdict herein and fail to find that it was based on prejudice, caprice or other ulterior and illegal motives, or that it was so excessive as to shock judicial conscience to justify the granting of a new trial. See: Upton v. Hutchison, Fla. 1950, 46 So.2d 20; Bartholf v. Baker, Fla. 1954, 71 So.2d 480; Florida East Coast Railway Company v. Stewart, supra. When damages are allowable for several different elements and the verdict is in an amount not exactly as requested, the court has no way of determining how the jury applied the formula or whether they paid any attention to it. See: Fleet Truck Rental, Inc. v. Huber, Fla.App. 1962, 140 So.2d 58.
The evidence, as reflected by the record on appeal, was sufficient to show the appellee was severely injured; had suffered and is still suffering substantial pain, and is permanently partially disabled. Thus, the verdict was not excessive in view of the out-of-pocket expenses, past and present pain and suffering, and loss of consortium.
Therefore, finding no prejudicial error in the complained of actions of the trial court, we hearby affirm the judgment appealed.
Affirmed.
TILLMAN PEARSON, Judge (dissenting).
It is agreed that every fact stated by the majority opinion is a reasonable view of the record. It is also agreed that in almost every case the issue of contributory negligence is for the jury to decide. However, it is my view that the contributory negligence of the plaintiff here appeared as a matter of law because of his advance on the right side of the tractor-trailer rig until he was adjacent to the point where the tractor and trailer connect. Cf., Wachter v. McCuen, 250 Iowa 820, 76 N.W.2d 597.
It may be that the law ought to be changed and that a plaintiff so terribly injured by the negligence of another ought not be subject to a defense which says: "If the negligence of an injured person contributes in any appreciable degree to the injury received by him as a result of another's negligence, damages cannot be recovered for the injury under the principles of the common law * * *." [Emphasis supplied] J.G. Christopher Co. v. Russell, 63 Fla. 191, 58 So. 45, 47. The writer is not aware of any change in the law as stated and cannot by any reasonable interpretation of the facts avoid its application. Therefore, I would reverse.
NOTES
[1] "§ 317.27. Fla. Stat., F.S.A. (1959). Overtaking and passing a vehicle.

* * * * *
"(1) The driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass to the left thereof at a safe distance and shall not again drive to the right side of the roadway until safely clear of the overtaken vehicle."
* * * * *
[2] "317.28, Fla. Stat., F.S.A. (1959). When overtaking on the right is permitted

"(1) The driver of a vehicle may overtake and pass upon the right of another vehicle which is making or about to make a left turn.
"(2) The driver of a vehicle may overtake and, allowing sufficient clearance, pass another vehicle proceeding in the same direction either upon the left or upon the right on a roadway with unobstructed pavement of sufficient width for four or more lines of moving traffic when such movement can be made in safety. No person shall drive off the pavement or upon the shoulder of the roadway in overtaking or passing on the right."
[3] While the appellants question the alleged failure of the jury to reduce the loss of future earnings to present day value, it must be noted that the appellants did not request the trial court to so instruct the jury. The charge as to reduction of future earnings to present day value was given pursuant to the appellee's requested instruction.