PER CURIAM.
The plaintiff, J. E. Farmer, Jr., sued the Brotherhood of Railroad Trainmen. He suffered a directed verdict and appeals therefrom.
Plaintiff was a member of the Brotherhood of Railroad Trainmen, hereinafter called the union, when it went out on strike against the Florida East Coast Railroad. Thereafter, plaintiff engaged in an altercation with a special agent of the railroad, which resulted in words and blows being exhanged. The railroad notified plaintiff that there would be an investigation and hearing concerning his conduct in this affair. Plaintiff contacted the union to represent him and the union investigated this incident. A hearing was held which lasted approximately five to seven hours and which resulted in plaintiff’s discharge by the railroad. The case was appealed and this hearing was also handled by the union. Ultimately, plaintiff’s discharge was upheld and plaintiff then sued the union charging that it was responsible for his discharge because its representation was arbitrary, discriminatory and in bad faith.
On appeal from the directed verdict, plaintiff charges there was sufficient evidence presented to take the case to the jury and that the trial court erred in entering a directed verdict. A review of the evidence in the record on appeal shows no evidence to prove plaintiff was treated arbitrarily; that there were any acts of discrimination practiced against him or that the union acted with malice or bad faith in his representation. See Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). The plaintiff’s argument essential *504 ly is that the union used poor judgment, or poor strategy, in processing and presenting his case. This may be true and plaintiff’s case may have been poorly prepared and handled on behalf of the union. However, this is a far cry from any evidence that the action of the union in its treatment of plaintiff was arbitrary, discriminatory, with malice or in bad faith. See Brady v. Trans World Airlines, Inc., 401 F.2d 87 (3 Cir. 1968).
Plaintiff also argues that the trial court committed reversible error in refusing to allow him to call one Ray Moore, a retired union official, as an adverse witness at the time of the trial. The plaintiff relies upon Tucker Bros., Inc. v. Menard, Fla.1956, 90 So.2d 908. In that case, the Supreme Court reasoned as follows:
“We do not construe the expression ‘managing agent’ to require that the corporate representative be an officer or in the nature of a general manager. So far as this particular rule is concerned, it is sufficient if he is the managing representative of the corporation in connection with the particular matter under consideration.
In addition to his employment status, it seems to us that the fact that he was the designated representative of the corporations in the trial of the case would be sufficient to justify calling him under Rule 1.37(a), Florida Rules of Civil Procedure.”
The union relies upon Direct Transport Co. of Fla. v. Rakaskas, Fla.App.1964, 167 So.2d 623, wherein this court stated:
“The general rule appears to be that in calling an adverse witness the question of whether or not he is, in fact, an adverse witness is determined as of his affiliation with the adverse party on the date of the trial.”
We are of the opinion that the trial court should have permitted the plaintiff to call Ray Moore as an adverse witness under the authority of Tucker, supra. In spite of the fact that he had retired and was not associated with the union at the time of the trial, he was apparently the designated representative of the union at the time of the trial.
We do not think that reversible error was committed in this regard, however. All that Moore could have testified to were the names of certain witnesses which might have been presented at the hearings. Assuming this evidence was relevant it would not have established any bad faith, discrimination or arbitrary conduct on behalf of the union toward Farmer. We think this was harmless error. F.S. § 59.041, F.S.A.
Plaintiff’s next point concerns the trial court’s refusal to permit an expert witness to answer a hypothetical question propounded to him by plaintiff’s attorney. We find no error in this regard as the answer of the expert witness to the hypothetical question would have invaded the province of the jury. See Rosenfeld v. Johnson, Fla.App.1964, 161 So.2d 703. We find no abuse of discretion of the trial court judge in this regard. See Krohne v. Orlando Farming Corp., Fla.App.1958, 102 So.2d 399.
For these reasons the judgment herein appealed be and the same is
Affirmed.